BERNARD B. BARR, Respondent, v. EDMUND HENNEL, Doing Business as HENNEL'S SERVICE STATION, Appellant.— Appeal from a judgment of the Supreme Court at Trial Term in Schenectady County, entered upon a verdict of $15,000 in a negligence action, respondent claiming to have been injured when sprayed by gasoline from a bursting hose. Appellant's contention that the verdict was excessive constitutes the only issue presented by the appeal. Plaintiff's ophthalmologist found a chemical conjunctivitis of both eyes which he termed very severe; but after three months treatment the inflammation was completely healed and at the time of the trial, some four years later, the doctor was unable, in the absence of re-examination, to testify to any permanency. Plaintiff drove

his car to work the day following the accident and on substantially every working day thereafter. The doctor stated that plaintiff's astigmatism, in " the minimal amount that can be detected ", and for which he prescribed glasses, was not caused by the accident. Plaintiff was treated by an internist on 17 occasions during a period of approximately one year, commencing eight days after the accident. This physician assumed from the history that, when the gasoline splashed upon him, plaintiff " probably took in a deep breath which would be a normal reaction and probably swallowed gasoline in the process ". He found injection of the mucosa of the nose and throat and also classified as an objective symptom tenderness upon palpatation of the epigastrium; and accepted plaintiff's complaints of burning sensations and gastric and intestinal distress. He expressed the opinion that there had been healing by scar formation and his final diagnosis was of scarring of the stomach and duodenum which he considered permanently injurious in view of plaintiff's complaints of occasional distress more than four years after the accident. The doctor intimated that resort should be had to X-rays for confirmation but that plaintiff was " just afraid of X-ray work of any sort ". Plaintiff suffered no loss of earnings and his actual special damages proven were $305. While another trier of the facts might have discredited much of plaintiff's testimony and have given less weight to the opinion of plaintiff's internist than to that of defendant's medical expert, who denied injury to the stomach or duodenum, the jury was not bound to find incredible all evidence that plaintiff ingested some gasoline and thereby sustained some injury. Only a relatively small proportion of the verdict is justly assignable to the eye injury and it seems reasonably clear that a gastric and intestinal condition so serious as to warrant the balance of the award would have been reflected in less work activity and some loss of earnings. Judgment and order reversed, on the law and the facts, and a new trial ordered, with costs to appellant to abide the event, unless, within 20 days after service of a copy of the order to be entered hereon, respondent shall stipulate to reduce the verdict to $8,305, in which event judgment, as reduced, affirmed, without costs. Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.